**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

OCT 31 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30365 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-05222-RJB-1 |
| v. | MEMORANDUM* |
| BERNARDINO RAMIREZ-SANTOS | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted*** October 11, 2011
Seattle, Washington

Before: KOZINSKI and PAEZ, Circuit Judges, and BURNS,** District Judge.

---

> * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

> ** The Honorable Larry Alan Burns, United States District Judge for the Southern District of California, sitting by designation.

> *** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a) (2)

Ramirez-Santos appeals the district court's denial of his motion for a new trial after a jury convicted him of violating 8 U.S.C. § 1326(a).

We review for plain error because Ramirez-Santos did not raise his claims at trial. *United States v. Atcheson*, 94 F.3d 1237, 1245 (9th Cir. 1996). Under this standard, we reverse "only if an error was obvious, affected substantial rights, and a miscarriage of justice would otherwise result." *United States v. Doss*, 630 F.3d 1181, 1193 (9th Cir. 2011).

*Estelle v. Williams*, 425 U.S. 501 (1976), disposes of Ramirez-Santos' claim that his Fourteenth Amendment rights were violated because he wore his prison clothes during trial. Ramirez-Santos was not *compelled* to wear prison clothes. Rather, he was offered civilian clothes by his lawyer before trial but refused them. His voluntary choice not to wear civilian clothes that were offered "is sufficient to negate the presence of compulsion." *Id.* at 513.

The record establishes that Ramirez-Santos was not unconstitutionally denied a Mixteco interpreter. Two Spanish-speaking interpreters who assisted Ramirez-Santos while he was in custody and during court proceedings stated that he spoke fluent Spanish and readily understood what was said to him in Spanish. Moreover, Ramirez-Santos had participated in several previous state court criminal proceedings and in immigration proceedings using Spanish interpreters. The

2

district court did not err in rejecting the defendant's bare claim that he required a Mixteco interpreter.

Finally, the district court did not plainly err in finding that Ramirez-Santos made a knowing, voluntary, and intelligent decision not to testify. *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993).  The record establishes that Ramirez-Santos' counsel advised him not to testify, and Ramirez-Santos is presumed to assent to that tactical decision. *Id.*  In addition, the district court engaged Ramirez-Santos in an extended colloquy concerning his right to testify, at the end of which Ramirez-Santos made the choice not to do so.

**AFFIRMED.**